USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA, :
: 15-CR-537 (VEC)
-against- :
: ORDER
CORY CANTEEN, :
:
Defendant. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 30, 2022, Mr. Canteen filed a purported motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Dkt. 1709; and

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine (i) whether extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020); *United States v. Rodriguez*, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020).

IT IS HEREBY ORDERED that Mr. Canteen's Motion for Compassionate Release is DENIED. Mr. Canteen has not demonstrated the existence of an "extraordinary and compelling reason" to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The Court is happy to learn that Mr. Canteen has availed himself of educational opportunities while incarcerated, that he has several years of clear conduct, and that he is focused on improving himself and giving back to a "society [that] deserves a lot more from him." Mem. of Law at 2. The Court was also moved by Mr. Canteen's motion and the letters submitted from various friends and family, which demonstrate to the Court that Mr. Canteen appears to be on the right path to rejoin society as a productive, law-abiding citizen.

But "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.  28 U.S.C. § 994(t); *see also Brooker*, 976 F.3d at 237–38.  To find otherwise would convert the process for obtaining compassionate release into a de facto parole process, through which defendants with good behavior are rewarded with sentence reductions.  Assuming Mr. Canteen remains on this same path, he is set to be released on February 28, 2027.

Mr. Canteen has not identified any other basis for his request for compassionate release that rises to the level of "extraordinary and compelling."  For example, Mr. Canteen has not shown that he is at an increased risk of contracting COVID-19 at FCI Ray Brook, nor does he report any preexisting conditions that could exacerbate a future course of infection.  Moreover, at least one of the Section 3553 factors counsels against a reduction of sentence: the seriousness of the offense.  Mr. Canteen pled guilty to RICO conspiracy, and, as noted at Mr. Canteen's sentencing, the Court views the offense as among the most serious of federal offenses.  Sentencing Tr., Dkt. 994 at 28.  Mr. Canteen was involved in a managerial capacity in the YGz gang, a violent street gang, and recruited new members to join.  *Id.* at 15–17.  The seriousness of Mr. Canteen's offense is undeniable, and a reduction in his sentence to time served is unwarranted.

Mr. Canteen also asks the Court to consider the fact that "there was some dispute about whether Cory should have been sentenced" under the career offender enhancement.  *See* Mem. of Law at 5.  While the Court acknowledges that Mr. Canteen's guidelines would have been lower had he not been considered a career offender,[1] the reality is that his sentence was driven by the

---

[1]     At the time of Mr. Canteen's sentencing, the applicable sentencing guideline without career offender treatment called for a range of 120 to 150 months; the guidelines with career offender treatment dictated a sentencing range of 151 to 188 months.  *See* Sentencing Tr. at 13.  Mr. Canteen was ultimately sentenced to 151 months.  *Id.* at 32.

2

fact that he committed multiple bank robberies in a relatively short period of time while on parole as part of a violent, dangerous gang.  The sentence imposed appropriately reflected the seriousness of the crime and Mr. Canteen's criminal history, as well as the other § 3553 factors, independent of the guideline calculation.  Accordingly, arguments over whether he should or should not have been considered a career offender do not provide a basis for compassionate release.

      The Clerk of Court is respectfully directed to close the open motion at docket entry 1709; mail a copy of this Order to Cory Canteen, Reg. No. 77759-054, FCI Ray Brook, P.O. Box 900, Ray Brook, NY 12977; and note the mailing on the docket.

**SO ORDERED.**

**Date:  June 1, 2022**
**New York, New York**

      **VALERIE CAPRONI**
      **United States District Judge**